UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS LILLA,

    Plaintiff,

vs                                         Case No: 05-72518
                                            Honorable Victoria A. Roberts

COMAU PICO, INC.,

    Defendant.
_____/

## ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**I.    INTRODUCTION**

This Court held a hearing on January 5, 2007 on Defendant's Motion for Summary Judgment. Plaintiff alleges age discrimination and retaliation under state and federal law. The Court ruled from the bench and granted Defendant's motion on Plaintiff's claim that he was denied a transfer because of age; and his claim of retaliation. The Court denied Defendant's motion on Plaintiff's claim that he was laid off due to age discrimination.

The Court granted Defendant's motion on Plaintiff's claim of retaliation based on its finding that the only evidence presented was inadmissible hearsay. At the conclusion of the hearing, Plaintiff's counsel maintained that the statement offered was not hearsay and asked to submit supplemental briefing on the retaliation claim. The Court reserved ruling on that count and permitted additional briefing.

1

For the reasons stated below, the Court finds that while the statement upon which Plaintiff's claim is based is not hearsay, the claim nonetheless fails on the merits. Defendant's motion for summary judgment on Plaintiff's retaliation claim is **GRANTED**.

### III.    BACKGROUND

Plaintiff contends that Defendant failed to recall him for an available estimating position or even place him on the list for recall because Plaintiff filed this lawsuit. Plaintiff bases his claim solely on Neil Willetts' testimony:

> Q:    When you started calling people to fill an opening because of the GM work --
>
> A:    Yeah.
>
> Q:    --did somebody give you a list of names, or how did that happen?
>
> A:    Yeah. I think it was Maurice Esse in Human Resources.
>
> Q:    He said, "These are people that are laid off," or something like that?
>
> A:    Yeah. "These are previous estimators that were laid off."
>
> **Q:    Do you know why Tom Lilla wasn't contacted? Were you given a reason?**
>
> **A:    If I remember correctly, it was because of this pending lawsuit. It was not appropriate to contact Tom.**
>
> Q:    So, he was not on your list, obviously?
>
> A:    No.

Def. Exh. O at pp. 26-27 (emphasis added). At the time of the recall in September

2005, Willetts was the Executive Director of Product and Proposals Engineering.[1]  *Id* at pp. 4-5.  He was charged with responsibility to fill an open estimating position.

Plaintiff contends that Willetts' testimony is either direct or circumstantial evidence that Defendant's failure to recall him or place him on the recall list was retaliatory.  He presents no other evidence in support of the claim.

The Court ruled that Plaintiff could not rely upon Willet's statement because it is inadmissible hearsay:

> When Willett's testimony is considered in its entirety, it's clear that [the] statement is based upon what he was told by a third party, not [on] his own personal knowledge.  Willetts did not prepare the recall list and there is no evidence that he was involved in its preparation.  He only made phone calls and the only explanation he offers for why Plaintiff wasn't on the list and therefore not contacted, is based on the reason he was given and that's hearsay.

Tr. at p. 32.  Plaintiff's counsel (Deborah Gordon) asserted that Willetts' statement was a party admission because it was based upon what then Staffing Manager Maurice Esse told Willetts:

> Ms. Gordon: It is in fact a party admission under the Hearsay Rule and it comes in absolutely as an admission of the Defendant by Mr. Esse or Mr. Willetts who's saying what Mr. Esse said to him.  Mr. Esse is a representative of the company, a high-level representative.
>
> The Court: It's double hearsay
>
> Ms. Gordon: No, it's not.  It's Mr. Willetts saying what he was told by a representative of the Defendant . . . .

Tr. at p. 34.

---

[1]He was promoted to Vice President of Advanced Engineering, Quality and ITC in January 2006.  Def. Exh. O at p. 5.

3

When the Court asked what Mr. Esse said on the matter, Ms. Gordon said that he had not been deposed. In fact, however, Esse was deposed (Ms. Gordon says her misrepresentation was inadvertent), but his testimony is not illuminating; he was not asked specifically about the list given to Willetts. He only said that he was not involved in any decision concerning Plaintiff's return to work after the lay-off.

In supplemental briefing, Plaintiff modified his position on the source of Willetts' information. Plaintiff now contends that Willetts' testimony reflects his personal knowledge, rather than what he was told by Esse. Indeed, he contends that Esse's testimony illustrates that Willetts was testifying from personal knowledge, since Esse apparently did not tell him anything about why Plaintiff was not on the list.

### III. ANALYSIS AND APPLICABLE LAW

#### A. At this Stage the Court must Construe all Inferences in Plaintiff's Favor and Find that Willetts' Testimony is Not Hearsay

Plaintiff asserts that Willetts' testimony is not hearsay because it is a party admission under FRE 801(d)(2). FRE 801(d)(2) states in relevant part:

> (d) Statements which are not hearsay. A statement is not hearsay if--
> \* \* \*
> (2) Admission by party-opponent. The statement is offered against a party and is (A) the party's own statement, in either an individual or a representative capacity or (B) a statement of which the party has manifested an adoption or belief in its truth, or (C) a statement by a person authorized by the party to make a statement concerning the subject, or (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship, or (E) a statement by a coconspirator of a party during the course and in furtherance of the conspiracy.

A statement by an agent which is based on what he was told by either an unknown third

party or a third-party agent commenting on a subject outside the scope of his authority is inadmissible hearsay.  See *Hill v Spiegel, Inc.,* 708 F.2d 233, 237 (6th Cir. 1983); *Carden v Westinghouse Electric Corp.,* 850 F.2d 996, 1002 (3rd Cir. 1988); *Cedeck v Hamiltonian Federal Savings and Loan Association*, 551 F.2d 1136, 1138 (8th Cir. 1977).

At the hearing, Plaintiff's counsel claimed that Esse told Willetts that Plaintiff was not on the recall list because of this lawsuit.  Defendant contends that the source of Willetts' testimony about why Plaintiff was not on the list was not identified; he only said Esse gave him the list.  Under either circumstance--if Willetts was repeating what Esse or an unidentified third-party told him--his testimony would be inadmissible hearsay.  If Willetts got the information from Esse, his testimony would be inadmissible hearsay because Esse disclaims any knowledge on the subject.  Therefore, even though the content of the recall list would likely fall within the scope of Esse's authority as Staffing Manager, there is no evidence that he told Willetts from personal knowledge, why Plaintiff was not on the recall list.  Willetts' testimony would also be inadmissible if it is based on an unidentified third-party, because it would be impossible to know whether the third-party was commenting on a subject within the scope of his or her agency.

However, Plaintiff now asserts that Willetts' testimony was based on personal knowledge.  Plaintiff has not presented direct evidence to support this claim, but Willetts' ambiguous testimony must be construed in Plaintiff's favor at this stage of the proceedings.  During his deposition, Willetts was actually asked two questions at once--if he "knew" why Plaintiff was not contacted and if he was "given a reason" why Plaintiff was not contacted.  It is impossible to know for certain which question Willetts was

5

answering. If Willetts' answer was in response to what he "knew," the Court could reasonably presume that such information would be within the scope of his employment and, therefore, admissible, since Willetts was charged with the responsibility of filling the open position. If, however, Willetts' answer was based on information he was "given" by an unidentified third-party, it is inadmissible for the reasons already stated.

The burden is upon Plaintiff to establish that the evidence submitted in opposition to summary judgment is admissible. But, "[i]n assessing the record to determine whether there is any genuine issue of material fact, the court resolves all ambiguities and inferences in favor of the non-moving party." *Trustees for Michigan Laborers' Health Care Fund v Seabord Surety Company*, 137 F.3d 427, 428 (6th Cir. 1998). Therefore, for purposes of summary judgment, the Court is obliged to resolve the ambiguity in Willetts' testimony in Plaintiff's favor and presume that he was testifying from personal knowledge. Accordingly, the Court finds that Willetts' testimony is admissible evidence upon which Plaintiff can rely in support of his retaliation claim.

### B. Plaintiff's Retaliation Claim Fails on the Merits

Both the ADEA and the ELCRA prohibit an employer from retaliating against an employee for opposing the employer's illegal discrimination. The ADEA's anti-retaliation provision states:

> (d) Opposition to unlawful practices; participation in investigations, proceedings, or litigation
>
> It shall be unlawful for an employer to discriminate against any of his employees or applicants for employment, for an employment agency to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because such individual, member or applicant for membership has opposed any practice made unlawful by this section, or because such

>individual, member or applicant for membership has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this chapter.

29 U.S.C. § 623(d). The ELCRA similarly states:

>Two or more persons shall not conspire to, or a person shall not:
>
>(a) Retaliate or discriminate against a person because the person has opposed a violation of this act, or because the person has made a charge, filed a complaint, testified, assisted, or participated in an investigation, proceeding, or hearing under this act.

M.C.L. §37.2701(a).

In order to establish a prima facie case of retaliation under either statute, Plaintiff must show:

>(1) that [he] engaged in a protected activity; (2) that the defendant had knowledge of [his] protected conduct; (3) that the defendant took an adverse employment action towards [him]; and (4) that there was a causal connection between the protected activity and the adverse employment action.

*Weigel v Baptist Hospital of East Tennessee,* 302 F.3d 367, 381 (6th Cir. 2002); *Meyer v City of Center Line,* 242 Mich. App. 560, 568-569 (2000).

There is sufficient evidence to support the first three elements of a *prima facie* claim. There is no basis for Defendant to dispute that Plaintiff's filing of a lawsuit was protected activity, that Defendant was aware of the suit, and that failing to place Plaintiff on the recall list or recall him qualifies as an adverse employment action.

Plaintiff argues that Willetts' statement is direct evidence of discrimination; establishing the fourth element: causation.

### i.     Direct Evidence

Direct evidence is "'evidence which, if believed, requires the conclusion that

unlawful discrimination was at least a motivating factor in the employer's actions.'" *Hazle v Ford Motor Co.,* 464 Mich. 456, 462 (2001)(*quoting Jacklyn v Schering-Plough Healthcare Products Sales Corp.,* 176 F.3d 921, 926 (6th Cir. 1999)). "[D]irect evidence of discrimination does not require the factfinder to draw any inferences in order to conclude that the challenged employment action was motivated at least in part by prejudice against members of the protected group." *See Johnson v Kroger Co.,* 319 F.3d 858, 865 (6th Cir. 2003). When the relevance of purported evidence of discrimination is only apparent by inference, the evidence is regarded as circumstantial. *See Manzer v Diamond Shamrock Chemicals Company*, 29 F.3d 1078, 1081 (6th Cir. 1994)*.*

Once a plaintiff presents credible evidence of direct discrimination, the burden of persuasion shifts to the employer to show by a preponderance that it would have taken the same action even in the absence of alleged discrimination. *Id*; *Jacklyn,* 176 F.3d at 926; *Weigel* 302 F.3d at 382 (6th Cir. 2002).

Willetts' statement qualifies as direct evidence of retaliation. Willetts says that his recollection is that Plaintiff was not called for the available position because of his pending lawsuit. On its face, this statement suggests that Plaintiff would have been contacted but for the lawsuit. However, Defendant contradicts this evidence by submitting evidence that Plaintiff was not qualified for the mechanical estimator job. This case must be submitted to a jury unless Defendant's evidence that it would not have offered Plaintiff the estimator job under any circumstances, remains uncontradicted by Plaintiff.

Because Defendant presented unrefuted evidence that it would not have recalled

Plaintiff even if he had not filed a lawsuit because he lacked the necessary experience for the position, summary judgment is appropriate if this is viewed as a direct evidence case.

Willetts and Defendant's General Manager Dennis Zuehlk stated in their affidavits that the GM position required an individual with mechanical estimating capabilities and that Seymour, the person hired, has significant mechanical estimating experience.[2]  Plaintiff does not offer evidence to refute either claim.  In fact, there is evidence, including Plaintiff's own testimony, that Plaintiff's mechanical estimating experience was limited.  Mike Leslie, who considered Plaintiff for an available position in the Service Group, testified that Plaintiff is very capable and experienced in controls estimating, but that Plaintiff was not qualified to act as a mechanical design estimator without additional training.  Def. Exh. C at pp. 58, 66.  Plaintiff testified that he was primarily a controls estimator during his tenure with Defendant; he said controls estimating made up 90 percent of his estimating work.  Pl. Exh. F at pp. 32-33.  Plaintiff testified that the mechanical estimating work he did for Comau Pico was during his early years with the company, between 1992 and 1996.  *Id* at p. 34.  Plaintiff asserts that he had "far more" estimating experience than Seymour.  Pl. br. at pp. 10, 25.  But, the evidence only indicates that Plaintiff may have had more "controls" estimating experience.  There is no evidence that Plaintiff had more "mechanical" estimating experience.

Additionally, Willetts and Zuehlk stated in their affidavits that Seymour's

---

[2] Plaintiff asserts that Willetts' affidavit contradicts his deposition testimony in certain respects.  Willetts' affidavit does not contradict his deposition testimony because the skills required for the GM position was not addressed in the deposition.

experience with the GM system was a significant factor in the decision to select him for the position. Willetts made the same assertion in his deposition. Def. Exh. O at p. 17. There is no evidence Plaintiff has any experience with the GM system; he worked exclusively for the Ford group while at Comau Pico. Def. Exh. A at p. 23.

Because Defendant established by a preponderance of the evidence that it would not have recalled Plaintiff even absent a retaliatory motive, the Court finds that Plaintiff failed to establish retaliation with direct evidence.

### ii.   Circumstantial Evidence

Plaintiff also failed to present circumstantial evidence of retaliation. When a claim is based on circumstantial evidence, the three-step *McDonnell Douglas*[3] burden shifting approach applies:

> First, the plaintiff has the burden of proving by the preponderance of the evidence a prima facie case of discrimination. Second, if the plaintiff succeeds in proving the prima facie case, the burden [of production] shifts to the [employer] "to articulate some legitimate, nondiscriminatory reason for [the adverse employment action]." Third, should the [employer] carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.

*EEOC v Avery Dennison Corp.,* 104 F.3d 858, 862 (6th Cir. 1997)(*citing Texas Department of Community Affairs v Burdine,* 450 U.S. 248, 252-253 (1981))(emphasis omitted).

A plaintiff's burden at the *prima facie* stage is not onerous; it is easily met. *Id* at 861. But, the burden of persuasion is on the plaintiff at all times. *Zanders v National Railroad Passenger Corp.,* 898 F.2d 1127, 1135 (6th Cir. 1990). Defendant only has the

---

[3] *McDonnell Douglas Corp. v Green*, 411 U.S. 792 (1973).

burden of production. "[D]efendant need not persuade the court that it was actually motivated by the proffered [legitimate, non-discriminatory] reasons." *Burdine,* 450 U.S. at 255. An "employee's prima facie case of discrimination will be rebutted if the employer articulates lawful reasons for the action; that is, to satisfy this intermediate burden, the employer need only produce admissible evidence which would allow the trier of fact rationally to conclude that the employment decision [was not] motivated by discriminatory animus." *Id* at 257.

As stated above, there is no dispute that Plaintiff presents sufficient evidence on three of four elements of the prima facie case.

And, Willetts' statement satisfies the fourth prong--causation. Willetts said his recollection was that Plaintiff was not recalled because of his prior lawsuit.

The burden shifts to Defendant to rebut the presumption that it engaged in retaliation. Defendant met its burden because it asserts that Seymour was more qualified for the job. Willetts testified that there was no official process for deciding who to recall, but that Seymour had particular GM knowledge. Def. Exh. O at p. 17. Further, Willetts and Zuehlk stated that the job required a mechanical estimator. As stated, there is no evidence Plaintiff had knowledge of GM systems or that he had comparable mechanical estimating experience. The burden, therefore, shifts back to Plaintiff to prove pretext.

A plaintiff can satisfy its burden at this stage by presenting evidence which casts doubt on the employer's claimed reason for discharging the plaintiff:

> [A] plaintiff's prima facie case, combined with sufficient evidence to
> find that the employer's asserted justification is false, may permit the
> trier of fact to conclude that the employer unlawfully discriminated.

11

*Reeves v Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 148 (2000).  The *Reeves* Court reasoned that an employer's lack of veracity can be persuasive evidence that the employer had discriminatory motives.  *Id* at 147.

A plaintiff can establish, by a preponderance, that the employer's proffered reason is not credible by showing that the reason given: 1) had no basis in fact; (2) did not actually motivate the employer's actions; or 3) was insufficient to motivate discharge.  *Manzer,* 29 F.3d at 1084.  Plaintiff has not shown pretext by any of these means.

To make the first showing, Plaintiff must establish that the reason given was "factually false." *Id*.  Plaintiff failed to make this showing because Willetts and Zuehlk's unrefuted assertion is that the position required someone with more experience and knowledge than Plaintiff had with respect to mechanical estimating and knowledge of the GM system.

When pretext is asserted on the second ground, the plaintiff "admits the factual basis underlying the employer's proffered explanation and further admits that such conduct *could* motivate dismissal." *Id.*  Therefore, the plaintiff must present circumstantial evidence showing that it is more likely that the employer had an illegal motivation and that the claimed reason is mere pretext.  *Id*.  A plaintiff cannot rely on his *prima facie* evidence, but must present additional evidence of discrimination:

> If the bare bones elements of a plaintiff's prima facie case were
> sufficient to make this showing, . . .  the entire "burden shifting"
> analysis of *McDonnell Douglas* and its successors would be illusory.
> No case could ever be culled out after the prima facie stage and
> every case would have to be determined by a jury.

*Id*.

Plaintiff does not present evidence to refute Willetts and Zuehlk's claims about the skills and knowledge requirements for the job or that Plaintiff lacked the necessary requirements. Rather, Plaintiff seems to argue that the fact that Plaintiff was not on the recall list is evidence that Plaintiff was not even considered for the job and, therefore, that his lack of qualifications could not have been a factor. Even if Plaintiff's assertion is true, Plaintiff cannot rely solely upon his *prima facie* proofs at this stage of the analysis. He must present additional evidence of a retaliatory motive. He has not.

Lastly, proof of pretext by the third means--showing that the reason given was insufficient to motivate discharge--typically consists of evidence that other employees, particularly employees not in the protected class, were not subjected to the same adverse treatment under substantially similar circumstances. *Id.* Plaintiff has not offered any evidence that any employees with similar experience and knowledge were either placed on the recall list or recalled.

For these reasons, Plaintiff fails to establish retaliation based on circumstantial evidence.

The Court **GRANTS** Defendant's motion for summary judgment on Plaintiff's claim of retaliation.

Further, for the reasons stated on the record on January 5, 2007, the Court **GRANTS** Defendant's Motion on Plaintiff's claim that he was transferred because of his age, and **DENIES** Defendant's Motion on Plaintiff's claim that he was laid off due to his age. Trial on this claim only will proceed.

**IT IS ORDERED**.

               <u>/s/ Victoria A. Roberts</u>
               Victoria A. Roberts
               United States District Judge

Dated:  March 21, 2007

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on March 21, 2007.

S/Linda Vertriest
Deputy Clerk

---