**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**THOMAS LILLA,**

                Plaintiff(s),          CASE NUMBER: 05-72518
                                        HONORABLE VICTORIA A. ROBERTS

v.

**COMAU PICO, INC., d/b/a**
**PROGRESSIVE TOOL & INDUSTRIES,**
**CO., a Michigan Corporation,**

                Defendant(s).
_____/

**ORDER DENYING PLAINTIFF'S**
**MOTION FOR RECONSIDERATION**

This matter is before the Court on Plaintiff Thomas Lilla's Motion for Reconsideration of Order Granting Defendant's Motion for Summary Judgment (as to Plaintiff's Retaliatory Failure to Recall Claim). For the reasons stated below, Plaintiff's motion is **DENIED**.

On March 21, 2007, the Court granted Defendant Comau Pico d/b/a Progressive Took & Industries Company's ("Progressive") motion for summary judgment on Plaintiff's claims of retaliation, which were brought under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621, *et seq.* and Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"), M.C.L. §37.2202. The Court held that Plaintiff presented direct evidence that Defendant did not recall him to work or place him on the recall list in retaliation for his filing this lawsuit. However, the Court stated that "[o]nce a plaintiff presents credible evidence of direct discrimination, the burden of persuasion shifts to

1

the employer to show by a preponderance that it would have taken the same action even in the absence of alleged discrimination." Order on Defendant's Motion for Summary Judgment, March 21, 2007 at p. 8 (citing *Manzer v Diamond Shamrock Chemicals Co.,* 29 F.3d 1078, 1081 (6th Cir. 1994); *Jacklyn v Schering-Plough Healthcare Products Sales Corp.,* 176 F.3d 921, 926 (6th Cir. 1999); *Weigel v Baptist Hospital of East Tennessee,* 302 F.3d 367, 382 (6th Cir. 2002)).

Applying this burden-shifting standard, the Court found that Plaintiff's direct evidence failed to sustain his claim because Defendant established by a preponderance that it would have taken the same action despite the alleged discrimination:

> Because Defendant presented unrefuted evidence that it would not have recalled Plaintiff even if he had not filed a lawsuit because he lacked the necessary experience for the position, summary judgment is appropriate if this is viewed as a direct evidence case.
>
> [Neil] Willetts[, Executive Director of Product and Proposals Engineering,] and Defendant's General Manager Dennis Zuehlk stated in their affidavits that the GM position required an individual with mechanical estimating capabilities and that [Al] Seymour, the person hired, has significant mechanical estimating experience. Plaintiff does not offer evidence to refute either claim. In fact, there is evidence, including Plaintiff's own testimony, that Plaintiff's mechanical estimating experience was limited. Mike Leslie, who considered Plaintiff for an available position in the Service Group, testified that Plaintiff is very capable and experienced in controls estimating, but that Plaintiff was not qualified to act as a mechanical design estimator without additional training. Def. Exh. C at pp. 58, 66. Plaintiff testified that he was primarily a controls estimator during his tenure with Defendant; he said controls estimating made up 90 percent of his estimating work. Pl. Exh. F at pp. 32-33. Plaintiff testified that the mechanical estimating work he did for Comau Pico was during his early years with the company, between 1992 and 1996. *Id* at p. 34. Plaintiff asserts that he had "far more" estimating experience than Seymour. Pl. br. at pp. 10, 25. But, the evidence only indicates that Plaintiff may have had more "controls" estimating experience. There is no evidence that Plaintiff had more "mechanical" estimating experience.

2

> Additionally, Willetts and Zuehlk stated in their affidavits that Seymour's experience with the GM system was a significant factor in the decision to select him for the position. Willetts made the same assertion in his deposition. Def. Exh. O at p. 17. There is no evidence Plaintiff has any experience with the GM system; he worked exclusively for the Ford group while at Comau Pico. Def. Exh. A at p. 23.
>
> Because Defendant established by a preponderance of the evidence that it would not have recalled Plaintiff even absent a retaliatory motive, the Court finds that Plaintiff failed to establish retaliation with direct evidence.

Order on Defendant's Motion for Summary Judgment, March 21, 2007 at pp. 8-10 (footnote omitted). The Court further found that Plaintiff failed to establish his claims with circumstantial evidence, because he did not establish that Defendant's proffered legitimate, nondiscriminatory reason for failing to recall him is mere pretext. *Id* at pp. 12-13.

Plaintiff asks the Court to reconsider its ruling on four grounds: 1) summary judgment is improper if direct evidence of retaliation is presented; 2) under Congress' 1991 amendment of the Civil Rights Act of 1964, the burden-shifting applied by the Court was deemed an affirmative defense which only limits a defendant's damages but does not absolve liability; 3) the Court erred in finding that Plaintiff could not rely upon his *prima facie* proofs to establish pretext; and 4) the Court engaged in impermissible fact-finding to determine that Plaintiff lacked the requisite qualifications for the job at issue. None of Plaintiff's arguments warrants reconsideration.

Eastern District of Michigan Local Rule 7.1(g)(3) provides for reconsideration if the movant demonstrates a palpable defect by which the court and the parties have been misled, and further demonstrates that correcting the defect will result in a different

disposition of the case. "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Fleck v Titan Tire Corp.*, 177 F.Supp. 2d 605, 624 (E.D. Mich. 2001). "[T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." L.R. 7.1(g)(3).

The analysis for Plaintiff's first and second arguments is somewhat entwined. He contends that the burden-shifting analysis applied by the Court was completely supplanted by amendments to Title VII, and he seems to suggest that Michigan courts do not and have not ever employed such analysis. Plaintiff is incorrect.

The Supreme Court in *Price Waterhouse v Hopkins*, 490 U.S. 228, 244-245 (1989), held with respect to a sex discrimination claim brought under Title VII of the Civil Rights Act that "once a plaintiff in a Title VII case shows that [an impermissible factor] played a motivating part in an employment decision, the defendant may avoid a finding of liability only by proving that it would have made the same decision even if it had not allowed gender to play such a role." Courts subsequently applied this rule in its analysis of civil rights claims brought under statutes patterned after Title VII, such as the ADEA. *See Manzer v Diamond Shamrock Chemicals Co., supra*. However, two years after *Price Waterhouse* (and partly in response to it), Congress amended Title VII. Among other things, Congress inserted language which provides that proof that a defendant would have taken the action at issue despite alleged discrimination is an affirmative defense which does not absolve the defendant of liability; it only limits the plaintiff's remedies to declaratory or injunctive relief and attorney fees and costs. *See* 42 U.S.C. §2000e-5(g)(2)(B).

4

Because the 1991 Title VII amendment effectively overruled *Price Waterhouse*, Plaintiff argues that the Court erred in relying upon cases which continue to cite *Price Waterhouse* as the standard, namely *Manzer, Jacklyn*, and *Wiegel*. However, Plaintiff's argument presumes that the 1991 amendment to Title VII applies with equal force to claims brought under the ADEA and the ELCRA (since Michigan relies upon federal law to interpret the ELCRA). In fact, a majority of courts, including the Sixth Circuit, continue to cite and/or apply *Price Waterhouse*'s burden-shifting mechanism to direct evidence ADEA claims despite the 1991 Title VII amendment, some reasoning that the amendment does not preclude continued reliance on *Price Waterhouse* for direct evidence claims because Congress did not similarly amend the ADEA. *See Dominguez-Cruz v Suttle Caribe, Inc.,* 202 F.3d 424, *Glanzman v Metropolitan Management Corp.,* 391 F.3d 506, 512 n. 3 (3rd Cir. 2004); *EEOC v Warfield-Rohr Casket Co., Inc.*, 364 F.3d 160, 164 n. 2 (4th Cir. 2004); *Manzer,* 29 F.3d at 1081; *Weigel,* 302 F.3d at 382; *Minadeo v ICI Paints*, 398 F.3d 751, 763 (6th Cir. 2005); *Scott v Potter*, 182 Fed. Appx. 521, 525 (6th Cir. 2006)(unpub. op.); *Rossiter v Potter*, 2005 W.L. 1288063, \*3 n.6 (D. Mass 2005); *Murphy v Gallery Model Homes, Inc.,* 2005 W.L. 5394658, \*5 (S.D. Tex. 2005); *Underwood v Monroe Mfg., LLC,* 434 F.Supp.2d 680, 688 (S.D. Iowa 2006); *Otu v Papa John's USA, Inc.,* 400 F.Supp.2d 1315, 1330 (N.D. Ga. 2005).

Michigan courts also continue to apply *Price Waterhouse* to ELCRA direct evidence claims. In *Harrison v Olde Financial Corp.*, 225 Mich. App. 601, 612 (1997), the Michigan Court of Appeals followed *Price Waterhouse* and stated that when direct evidence of discrimination is presented, "an employer shall not be liable if it can prove

5

that, even if it had not taken [an impermissible factor] into account, it would have come to the same decision." The *Harrison* Court noted the 1991 amendments to Title VII, but stated that its analysis is not affected by those amendments because the ELCRA "is patterned on the federal Civil Rights Act of 1964." *Id* at 612 n. 15. The Michigan Supreme Court, likewise, held that *Price Waterhouse* still applies and absolves a defendant of liability if the standard of proof is met. *See Sniecinski v Blue Cross and Blue Shield of Michigan*, 469 Mich. 124, 133 (2003). *See also Downey v Charlevoix County Board of County Road Comm'rs*, 227 Mich. App. 621, 634 (1998); *Wilcoxon v Minnesota Mining & Manufacturing Co.,* 235 Mich. App. 347, 361 (1999).

For these reasons, the Court finds that it appropriately applied the burden-shifting direct evidence standard set forth in *Price Waterhouse* to Plaintiff's federal and state claims. None of the cases Plaintiff cites supports a contrary conclusion.

With respect to Plaintiff's attempt to prove his claims via circumstantial evidence, Plaintiff's third assertion is that the Court erred in holding that he could not rely solely upon his *prima facie* proofs to establish pretext. Plaintiff contends that the Supreme Court's decisions in *Reeves v Sanderson Plumbing Products, Inc.,* 530 U.S. 133 (2000) and *St. Mary's Honor Center v Hicks,* 509 U.S. 502 (1993) and the Sixth Circuit's decision in *Kline v Tennessee Valley Authority*, 128 F.3d 337 (6th Cir. 1997), provide that additional proofs are not required. Plaintiff, however, bases his claim upon selective passages from each case which he cites out of context.

As an initial matter, Plaintiff's characterization of the Court's holding is inaccurate. The Court only indicated that additional proofs are required for one of the three means of establishing pretext, as set forth in *Manzer, supra*:

6

To make a submissible case on the credibility of his employer's explanation, the plaintiff is "required to show by a preponderance of the evidence either (1) that the proffered reasons had no basis *in fact*, (2) that the proffered reasons did not *actually* motivate his discharge, or (3) that they were *insufficient* to motivate discharge." *McNabola v Chicago Transit Authority,* 10 F.3d 501, 513 (7th Cir. 1993). The first type of showing is easily recognizable and consists of evidence that the proffered bases for the plaintiff's discharge never happened, *i.e.,* that they are "factually false." [*Anderson v*] *Baxter Healthcare* [*Corp.*], 13 F.3d [1120, 1123-24 (7th Cir. 1994)]. The third showing is also easily recognizable and, ordinarily, consists of evidence that other employees, particularly employees not in the protected class, were not fired even though they engaged in substantially identical conduct to that which the employer contends motivated its discharge of the plaintiff. These two types of rebuttals are direct attacks on the credibility of the employer's proffered motivation for firing plaintiff and, if shown, provide an evidentiary basis for what the Supreme Court has termed "a suspicion of mendacity." *Hicks*, 509 U.S. at ---, 113 S.Ct. at 2749. As *Hicks* teaches, such a showing permits, but does not require, the factfinder to infer illegal discrimination from the plaintiff's prima facie case.

The second showing, however, is of an entirely different ilk. There, the plaintiff admits the factual basis underlying the employer's proffered explanation and further admits that such conduct *could* motivate dismissal. The plaintiff's attack on the credibility of the proffered explanation is, instead, an indirect one. In such cases, the plaintiff attempts to indict the credibility of his employer's explanation by showing circumstances which tend to prove that an illegal motivation was *more* likely than that offered by the defendant. In other words, the plaintiff argues that the sheer weight of the circumstantial evidence of discrimination makes it "more likely than not" that the employer's explanation is a pretext, or coverup.

If the bare bones elements of a plaintiff's prima facie case were sufficient to make this showing, however, the entire "burden shifting" analysis of *McDonnell Douglas* and its successors would be illusory. No case could ever be culled out after the prima facie stage and every case would have to be determined by a jury. We do not believe that this was the intent of Congress or the outcome envisioned by the Supreme Court in its long line of cases implementing employment discrimination legislation. Accordingly, we hold that, in order to make this type of rebuttal showing, the plaintiff may not rely simply upon his prima facie evidence but must, instead, introduce

7

additional evidence of age discrimination.

*Manzer,* 29 F.3d at 1084. The *Manzer* standard is affirmed in *Kline*. *See Kline*, 128 F.3d at 346.

The distinction *Manzer* makes in the proofs required for the first and third means is based upon its interpretation of *Hicks*. By way of background, in *Hicks*, the district court held a bench trial and found that defendant's asserted reasons for demoting and discharging the plaintiff were false. But, the district court found that plaintiff failed to establish pretext because he still did not establish that defendant's conduct was racially motivated. The Eight Circuit reversed holding that plaintiff was entitled to a judgment as a matter of law since he proved that defendant's asserted reasons were false and, therefore, pretextual.

The Supreme Court reversed the Eighth Circuit holding that a finding that defendant's proffered reasons are false permits, but does not require, a finding of discrimination. In its analysis, the Court stated that "[t]he factfinder's disbelief of the reasons put forward by the defendant (particularly if disbelief is accompanied by ***a suspicion of mendacity***) may, together with the elements of the prima facie case, suffice to show intentional discrimination." 502 U.S. at 511 (emphasis added). Plaintiff cites this language to suggest that additional proofs are never required to establish pretext. However, the *Hicks* Court did not directly or indirectly suggest it intended such a broad reading.

Rather, as stated in *Manzer* (and *Kline*), *Hicks'* language only applies when a plaintiff disputes the factual basis of a defendant's claimed reason for taking the

8

challenged action--by establishing either that the proffered reason has no basis in fact or was insufficient to motivate discharge:

> These two types of rebuttals are direct attacks on the credibility of the employer's proffered motivation for firing plaintiff and, if shown, provide an evidentiary basis for what the Supreme Court has termed "***a suspicion of mendacity***."

29 F.3d at 1084 (quoting *Hicks,* 509 U.S. at 511)(emphasis added). In contrast, when a plaintiff does not dispute the factual basis of the defendant's reasons--such as when it asserts via the second means set forth in *Manzer* that the proffered reasons did not actually motivate the challenged action--the plaintiff's attack on the defendant's credibility is indirect. *Manzer* reasoned that additional proofs are required for such claims because, otherwise, a defendant could never meet the summary judgment standard; the *McDonnell Douglas*[1] burden-shifting scheme would be illusory. 29 F.3d at 1084. *Kline* succinctly explained the *Manzer* Court's reasoning: "[A] plaintiff must introduce additional evidence of discrimination [to prove pretext by the second means] because the reasons offered by the defendant are not directly challenged and therefore do not bring about an inference of discrimination." 128 F.3d at 346. Therefore, Plaintiff's reliance on the language in *Hicks* (and substantively similar language in *Kline*) to assert that additional proofs are never required is misplaced.

Plaintiff also misrepresents the holding in *Reeves*. In its discussion of a plaintiff's burden at the pretext stage, the *Reeves* Court cites *Hicks* and states:

> [A]lthough the presumption of discrimination "drops out of the picture" once the defendant meets its burden of production . . . the trier of fact may still consider the evidence establishing the plaintiff's

---

[1] *McDonnell Douglas Corp. v Green*, 411 U.S. 792 (1973).

9

> prima facie case "and inferences properly drawn therefrom . . . on
> the issue of whether defendant's explanation is pretextual."

530 U.S. at 143 (citations omitted). Plaintiff cites this language for the same proposition he contends *Hicks* represents. However, like the plaintiff in *Hicks*, the *Reeves* plaintiff presented evidence that defendant's reason for firing him was false. Consistent with *Hicks*, the *Reeves* Court indicated that *prima facie* evidence and proof of falsity is sufficient for a plaintiff to establish pretext:

> Proof that the defendant's explanation is unworthy of credence is simply one form of circumstantial evidence that is probative of intentional discrimination, and it may be quite persuasive. In appropriate circumstances, the trier of fact can reasonably infer from the falsity of the explanation that the employer is dissembling to cover up a discriminatory purpose. Such an inference is consistent with the general principle of evidence law that the factfinder is entitled to consider a party's dishonesty about a material fact as "affirmative evidence of guilt." Moreover, once the employer's justification has been eliminated, discrimination may well be the most likely alternative explanation, especially since the employer is in the best position to put forth the actual reason for its decision. Thus, a plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated.

530 U.S. at 147-148 (citations omitted).

For these reasons, Plaintiff's request for reconsideration based on the third claimed defect fails; he did not establish that the Court erred in ruling that he could not rely solely upon his *prima facie* proof to prove pretext by the second means.

Plaintiff's last claim is that the Court engaged in impermissible fact-finding in determining that he lacked the qualifications for the job at issue. Plaintiff additionally cites evidence he contends raises a question of fact regarding his qualifications.

Again, Plaintiff mischaracterizes the Court's ruling. The Court did not find as a

"matter of fact" that Plaintiff lacked the requisite qualifications. The Court found that Defendant presented evidence that Plaintiff lacked the requisite qualifications, and that Plaintiff failed to rebut Defendant's evidence. Because none of the evidence Plaintiff cites to the contrary proves otherwise, Plaintiff has not demonstrated that the Court erred in its ruling.

Specifically, Plaintiff asserts that there is evidence which suggests that Seymour was less qualified than the two people who were offered the job first. However, even if true, such evidence does not also suggest that Seymour was less qualified than Plaintiff.

Plaintiff also asserts that there is evidence which undermines Defendant's claim regarding the importance of familiarity with the General Motors ("GM") platform. However, familiarity with GM was only one of 2 criteria. There is no evidence which suggests the second criterion--mechanical estimating experience--was insignificant, and the evidence overwhelmingly shows that Plaintiff's mechanical estimating experience was limited.

As in the initial briefing, Plaintiff argues that Willetts' affidavit conflicts with his deposition because he did not mention Plaintiff's relative qualifications when explaining why Plaintiff was not considered for the position. However, the Court already ruled that there is no contradiction between Willetts' affidavit and deposition because the skills required for the position were not addressed in the deposition. Order on Defendant's Motion for Summary Judgment, March 21, 2007 at p. 9 n. 2. Plaintiff has not presented evidence which demonstrates that the Court erred in its assessment.

Lastly, Plaintiff continues to imply that, relative to Seymour, he had more or a

11

comparable amount of estimating experience. He also asserts in an affidavit that Seymour frequently sought his expertise on estimating issues. However, Plaintiff only asserts *in the paragraph of his affidavit which he cites* that Seymour came to him about *controls* estimating. *See* Pl. Exh. I at ¶10. The position called for a person with *mechanical* estimating experience. As stated, the evidence shows that Plaintiff's mechanical estimating experience was very limited, and Plaintiff presents no evidence which refutes Defendant's claim that he had significantly less mechanical estimating experience than Seymour.

In sum, Plaintiff did not present any evidence which proves or even suggests that Defendant's claim regarding the necessary qualifications is false or which refutes or raises a question of fact regarding Defendant's assertion that Seymour was more qualified than Plaintiff in all respects. Plaintiff is also incorrect in his assertion that the Court engaged in inappropriate fact-finding.

Plaintiff's motion for reconsideration is **DENIED**.

**IT IS ORDERED.**

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: July 18, 2007

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on July 18, 2007.

s/Linda Vertriest
Deputy Clerk