**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**THOMAS LILLA,**

          **Plaintiff(s),**        **CASE NUMBER: 05-72518
HONORABLE VICTORIA A. ROBERTS**

**v.**

**COMAU PICO d/b/a PROGRESSIVE
TOOL & INDUSTRIES, CO., a
Michigan Corporation,**

          **Defendant(s).**
_____/

**ORDER**

**I.    INTRODUCTION**

This matter is before the Court on Defendant Comau Pico's Motion in Limine to Preclude Plaintiff Thomas Lilla from Introducing Evidence of Dismissed Claims at the Time of Trial. Defendant's motion is **GRANTED IN PART**. The Court reserves ruling with respect to Bill Moorey until argument can be heard at the time of trial.

**II.    ARGUMENTS AND ANALYSIS**

Plaintiff asserted three claims: 1) he was laid off due to age discrimination; 2) Defendant failed to transfer him to an available position after he was laid off due to age discrimination; and 3) Defendant failed to recall him for an available position in retaliation because he filed this lawsuit. The Court granted Defendant's motion for summary judgment on the latter two claims. The only claim remaining for trial is Plaintiff's claim that he was laid off due to age discrimination.

1

Plaintiff's listed witnesses include Mike Leslie, Kevin Jones, Bill Moorey, Neil Willetts, and Morris Esse.  Defendant contends that none of these witnesses can provide relevant testimony on the remaining claim; Defendant says their testimony is relevant only to the dismissed claims.  If Plaintiff is permitted to call them, Defendant contends that their testimony would be unfairly prejudicial because he is merely attempting to circumvent the Court's Order and introduce evidence of dismissed claims to confuse, distract and inflame the jury.  Further, Defendant contends that allowing the witnesses to testify would be unduly time consuming, because it would require "mini trials" on each dismissed claim.

Plaintiff argues:  1) motions in limine should be granted sparingly and confined to evidentiary issues of an extremely prejudicial nature; 2) the witnesses provide relevant background evidence about the company and its estimating function, and Plaintiff would be prejudiced if he is not allowed to present such evidence; and 3) some witnesses can testify regarding Plaintiff's skills, contrary to the claim that he was among those chosen for layoff because of deficiencies in his performance.

Defendant's motion is granted with respect to Kevin Jones, Neil Willetts, Mike Leslie and Morris Esse; none of them can testify on matters relevant to Plaintiff's remaining claim.  "Relevant" evidence is any evidence which tends "to make the existence of any fact that is of consequence to the determination of the action more probable or less probable."  FRE 401.  Relevant evidence is admissible at trial unless "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  FRE 401, 403.

"Evidence which is not relevant is not admissible." FRE 402.

Plaintiff proposes to call Esse to testify only that Plaintiff was not included in the list of estimators to be recalled for the GM position which became available after Plaintiff was laid off. But, the retaliation claim to which this testimony is relevant is dismissed.

Plaintiff points out that in his affidavit Willetts claims to have personal knowledge that Plaintiff did not have a mechanical estimating skills background; that his only experience was in controls estimating. Pl. Exh. A at ¶6. Plaintiff contends that this is incorrect and he should be able to question Willetts on his assertions. But, Plaintiff failed to establish the relevance of Willetts' averment to his age discrimination claim. No one asserted that Plaintiff's alleged lack of mechanical estimating experience was a factor in his termination. It was only alleged that Plaintiff was not proficient with certain software, he worked too slowly, and he lacked the requisite processing skills. Willetts' testimony does not bear on any of these alleged deficiencies.

Next, Plaintiff asserts that Jones can provide relevant background information and context because: 1) he confirmed that Plaintiff was a well respected estimator and easy to get along with; 2) he confirmed that Mike Leslie, who offered to transfer Plaintiff into an available position and oversaw all of the estimating projects in his (Leslie's) department (a different department than Plaintiff's), was in the best position to know the needs of the position he sought to fill and he recruited Plaintiff; and 3) he gave Leslie permission to discuss the position with Plaintiff, but was told shortly thereafter that it could not be filled.

Plaintiff failed to show how the latter two facts provides relevant background or context with respect to why he was laid off. Since Plaintiff did not work in Jones'

3

department at the time he was laid off, the fact that Leslie wanted to offer Plaintiff a job in his department and Jones gave him permission to discuss it with Plaintiff has no apparent relevance to any issue Plaintiff must prove; it does not disprove Plaintiff's supervisor's criticisms or have any bearing on the circumstances which led to Plaintiff being chosen for layoff. And, with respect to Plaintiff's reputation, it is undisputed that Plaintiff was a respected and revered estimator. Therefore, it seems likely that there are other witnesses who can affirm as much and Jones' testimony on this point would be cumulative.

Lastly, Plaintiff wants to call Leslie regarding the manner in which employees were assigned estimating work and allowed to transfer between departments, and his high opinion of Plaintiff's controls estimating experience. But, the mechanics of selecting employees to work in certain areas of estimating or to transfer to other departments has no apparent relevance--for background or otherwise--to why Plaintiff was laid off. As with Jones, Leslie's testimony about Plaintiff's controls estimating experience would be cumulative if the same information can be elicited from other witnesses.

With respect to Bill Moorey, Defendant's motion is granted in part. Moorey was not laid off and he was told that he did not have to worry about being laid off. He also was chosen instead of Plaintiff for the position in Leslie's department. Plaintiff suggests that Moorey represents a similarly situated younger employee who received more favorable treatment. He further points out that Moorey had not previously performed the work required for the position in Leslie's department, and neither Jones nor Leslie discussed the details of the position with Moorey before he was chosen, which Plaintiff

4

contends is relevant to and probative of Defendant's current assertion that Plaintiff was laid off due to a deficient "skill set."

The Court finds that the means by which Moorey was selected for the position in Leslie's department and the fact that only limited inquiry was made into his qualifications is not relevant to Plaintiff's age discrimination claim. It only bears upon Plaintiff's dismissed claim that Moorey was chosen for the transfer over him because of his age. Therefore, Plaintiff may not elicit this testimony from Moorey.

The Court will, however, reserve judgment on the admissibility of Moorey's testimony that he was never selected for layoff and that he was assured he would not be laid off. The Court will hear further argument at trial on the relevance of this testimony to Plaintiff's claim.

## III. CONCLUSION

The Court: 1) **GRANTS** Defendant's motion to preclude Plaintiff from calling Kevin Jones, Neil Willetts, Mike Leslie and Morris Esse; 2) **GRANTS** Defendant's motion with respect to Plaintiff's plan to elicit testimony from Bill Moorey about the means by which he was selected for the position in Leslie's department and the limited inquiry Jones and Leslie made into his qualifications; and 3) **RESERVES JUDGMENT** on Moorey's testimony that he was not laid off and alleged assurances that he would not be laid off.

5

**IT IS SO ORDERED.**

                                                      s/Victoria A. Roberts
                                                     Victoria A. Roberts
                                                     United States District Judge

Dated: July 19, 2007

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on July 19, 2007.

s/Linda Vertriest
Deputy Clerk

---