UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS LILLA,

        Plaintiff(s),        CASE NUMBER:  05-72518
                                          HONORABLE VICTORIA A. ROBERTS

v.

COMAU PICO d/b/a PROGRESSIVE
TOOL & INDUSTRIES, CO., a
Michigan Corporation,

        Defendant(s).
_____/

**ORDER**

This matter is before the Court on Plaintiff Thomas Lilla's Motion for Reconsideration of Order Granting, in Part, Defendant's Motion in Limine. Defendant filed a motion requesting that the Court preclude Plaintiff from calling five witnesses[1] Defendant contended were unable to provide relevant testimony. On July 19, 2007, the Court Granted Defendant's motion with respect to four of the witnesses and reserved its ruling on the fifth witness. Plaintiff contends that the Court committed multiple errors which warrant reconsideration. For the reasons stated below, Plaintiff's motion is **GRANTED IN PART** and **DENIED IN PART**.

Eastern District of Michigan Local Rule 7.1(g)(3) provides for reconsideration if the movant demonstrates a palpable defect by which the court and the parties have been misled, and further demonstrates that correcting the defect will result in a different

---

[1] Mike Leslie, Kevin Jones, Bill Moorey, Neil Willetts, and Morris Esse.

1

disposition of the case.  "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain."  *Fleck v Titan Tire Corp.*, 177 F.Supp. 2d 605, 624 (E.D. Mich. 2001).  "[T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication."  L.R. 7.1(g)(3).

Plaintiff alleges that the Court's ruling deprives him of four of the eight witnesses he planned to call.  He contends that the Court erred by:  1) failing to weigh the probative value of the proposed testimony of Jones and Leslie against the danger of unfair prejudice or cumulative testimony, as is required by FRE 403; and 2) misapplying the standard of relevance under FRE 401 in its exclusion of witnesses Esse and Willetts.  Plaintiff also asserts that the Court erred by issuing an excessively broad pretrial order contrary to Sixth Circuit precedent which cautions against excluding witnesses in advance of trial; issues of admissibility must, instead, be addressed as they arise at trial.  But, the substance of this third claim of error is regarded as an extension of the first two arguments--that the Court's pretrial exclusion of Jones, Leslie, Willetts and Esse is premature.

With respect to Plaintiff's first claim of error, the Court found that Jones' testimony about the circumstances surrounding Leslie's tentative offer to transfer Plaintiff into an available position after he was laid off and Leslie's testimony about the manner in which employees were assigned estimating work and allowed to transfer between departments is not relevant to Plaintiff's age discrimination claim.  The Court further found that Jones and Leslie's testimony about Plaintiff's reputation and experience as a controls estimator goes to an undisputed fact and would be cumulative

2

if the same testimony can be elicited from other witnesses.  Plaintiff objects to the latter ruling.

Plaintiff argues that no other witnesses have testified about his reputation and experience and he does not plan to call other witnesses who will offer such testimony.  Therefore, he contends that the Court's exclusion of their testimony as cumulative is premature.  And, since such evidence is relevant, Plaintiff asserts that the Court can only preclude its admission under FRE 403 if the probative value of the proposed testimony is substantially outweighed by the danger of unfair prejudice or needless presentation of cumulative evidence.

Plaintiff's motion for reconsideration on this issue is **GRANTED**.  The Court will reserve ruling on whether Plaintiff may call Jones and Leslie to testify about Plaintiff's reputation and experience.

Plaintiff's second claim of error does not warrant reconsideration.  Plaintiff argues that the Court misapplied the FRE 401 standard of relevance in its exclusion of Willetts by requiring that his testimony be directly responsive to Defendant's allegations.  Also, Plaintiff contends that Esse and Willetts' proposed testimony goes to Plaintiff's abilities and Defendant's "proclivity to lie surrounding this case," which meets the minimal standard of relevance.

First, the Court did not, as Plaintiff claims, preclude him from calling Willetts because his testimony is not directly responsive to Defendant's allegations.  The Court excluded the testimony Plaintiff proposed to offer through Willetts because he failed to show that it is relevant to any of the issues the jury must consider.  Relevant evidence is "evidence having any tendency to make the existence of any fact *that is of consequence*

*to the determination of the action* more probable or less probable than it would be without the evidence." FRE 401(emphasis added). In his Response brief, Plaintiff proposed to call Willetts to challenge Willett's averment in an affidavit that Plaintiff lacked mechanical estimating skills. However, the extent of Plaintiff's mechanical estimating skills has only been raised with respect to Plaintiff's retaliation claim, which is dismissed. Plaintiff failed to show how Willett's averment relates in any way to the only claim which remains--age discrimination--inasmuch as Plaintiff was working as a controls estimator when laid off and there is no evidence or even an allegation that his mechanical estimating experience (or lack thereof) was a factor in his selection for lay off.

Second, Plaintiff's current claim that Willetts and Esse can testify about Defendant's alleged propensity to lie about this case and Plaintiff's abilities was not asserted in Plaintiff's Response to Defendant's motion. But, even if the argument was made it would have been unavailing.

Presumably Plaintiff's assertion that Willetts and Esse's testimony goes to Defendant's "proclivity to lie" pertains to his assertion that some of the reasons Defendant gives for laying him off (performance issues) are pretext. However, Plaintiff has not presented evidence which refutes Esse and Willetts' testimony that they were not involved in any way in the decision to lay Plaintiff off and that they did not know Plaintiff during his tenure (except that Willetts acknowledged that they may have met on one occasion). Def. br., Exhs. F at pp. 11, 18-19; G at pp. 16-17. To the extent Plaintiff claims that Willetts or Esse could offer peripheral testimony which is relevant, he has not identified it. Plaintiff also does not indicate what testimony either could offer about

4

Plaintiff's abilities (beyond Willetts' assertion that Plaintiff had controls but not mechanical estimating experience which is addressed above).

In sum, Plaintiff has not demonstrated that the Court erred in its finding that neither Willetts nor Esse could offer testimony relevant to his age discrimination claim. Plaintiff's motion for reconsideration on the admissibility of Esse and Willetts is **DENIED**.

**IT IS SO ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: August 15, 2007

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on August 15, 2007.

s/Carol A. Pinegar
Deputy Clerk